ZENÓN PÉREZ, Plaintiff and Appellee, *v.* ANTONIO MARTÍNEZ, Defendant and Appellant.

No. 5119. Argued November 18, 1930.—Decided April 14, 1932.

*Fernando B. Fornaris* for appellant.   *E. Martínez Avilés* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The defendant in this case has taken the present appeal from a judgment ordering him to pay to the appellee a certain sum of money as damages for the death of his son.

The only ground urged in support of this appeal is that the lower court erred in weighing the evidence, and hence that the judgment is contrary to law—a ground which in a supplemental brief is subdivided into various assignments but all related to the one originally made.

A boy named Marcelino Pérez of 13 or 14 years of age, according to one witness, and of 17 or 18 years according to another witness, was sitting one morning with another boy on a culvert (*alcantarilla*) in the highway from Camuy to Quebradillas. An oxcart went by and they asked and got permission from the owner thereof, Nicolás Franquis, to

ride in it carrying with them two water pails in order to fetch some water. They both sat in the rear part of the cart, with their legs hanging out and with their backs turned towards the oxen. The cart was traveling on the right-hand side with one wheel on the asphalt paved portion of the road and the other on the foot path used by pedestrians, and Marcelino was well to the side nearest the ditch. While in this position, the two boys saw the defendant's bus approach traveling also on the right-hand side of the road, at great speed. It was coming down a grade towards the cart, and then Marcelino Pérez yelled: "Oh, the bus is going to break our legs!" and he jumped from the cart, whereupon the bus struck him and he fell on the pavement; and when the bus swerved to the left its wheels passed over his head and then struck the left axle of the wheel of the cart. Marcelino Pérez died instantly and his body laid partly on the paved portion of the road and partly on the foot path. The bus came to a stop at a distance of some 100 meters and the cart at from two to three yards (*varas*) from the spot where the body of Marcelino Pérez laid; the other boy in the cart was not hurt. Such is the theory of the complaint and its proof.

The defendant's theory and proof was that upon the bus overtaking the cart when going at a moderate rate of speed, the latter traveling on the right and the bus on the left near the middle of the road—although one of the witnesses stated that it was going behind the cart—Marcelino Pérez jumped off the cart and attempted to cross the road thus colliding with the bus receiving the injuries in consequence of which he died.

The lower court adjusted this conflict in the evidence in favor of plaintiff.

The argument under the error assigned is that it is physically impossible that the facts could have occurred, as stated by plaintiff's witnesses, for if Marcelino Pérez was

injured by the bus at the time he descended from the cart, the former must have been so near to the latter that necessarily it should have collided with the rear part of the cart or with its left side where the bus swerved to that side, which did not occur.

Before the conclusion can be reached that it was physically impossible for the bus to collide with the rear part of the cart or with its left side after killing Marcelino Pérez and attempting to swerve to the left, certain exact measurements which do not appear from the record herein are necessary in order to establish that due to the short distance lying between the site of the accident and the place where the cart was at that time the bus necessarily had to run into the cart and that it was not possible for the former to swerve towards the left without coming in contact with the cart. The record shows the length and width of the bus, but not the measurements of the cart, nor the exact distance at which it was from the spot where the boy was killed, so that one might state with certainty that it had to collide with the cart and because this did not occur the facts are not as stated by the plaintiff; because although one witness testified that the cart stopped at a distance from two to three yards from the place where the boy was killed, that was an estimate of the witness and not an exact measurement, and the proof shows that the distance must have been somewhat greater since the bus did not collide with the rear of the cart and could have turned to the left without touching that side of the latter vehicle. For this reason we are not in a position to uphold the contention of the appellant.

Another point raised by the appellant is that, under the evidence offered by the appellee, the death of Marcelino Pérez was the result of his contributory negligence in that he abandoned a safe place which was in the cart (the other boy not having suffered any injury there) and moved to a dangerous place as turned out to be the one he occupied after he left the cart. One can not expect of a person who

is in danger, especially if he .is a boy, to choose wisely as to the means of evading such danger. A person is not negligent who in attempting to evade a hazard in the circumstances of the instant case, places himself in a more dangerous position. Accordingly, where by the negligence of another, one is compelled to choose instantly between two hazards, he will not be guilty of contributory negligence, although the one he selected results in injuries and he might have escaped had he chosen the other. 45 C. J. 965. In the case at bar there was imminent danger and one could not reasonably know *a priori* which means was more effective to evade the hazard, whether abandoning the cart or climbing into it. If as is inferred from the outcry of Marcelino Pérez and from the conduct of the other boy in climbing into the cart, the bus was about to hit the cart, it seemed perhaps the best course of action at that moment, in order to avoid the clash, to jump from the cart, and not to wait therein the consequences of the collision, even though *a posteriori* it turned out to be worse and there was no such collision. Therefore, we can not hold that Marcelino Pérez was negligent.

For the reasons stated the judgment appealed from should be affirmed.

Mr. Justice Wolf and Mr. Justice Córdova Dávila took no part in the decision of this case.